**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

REFUGIO MARIZCALES-
DELGADILLO,

Defendant-Appellant.

No. 06-4118
(D.C. Nos. 2:01-cr-250-TC &
2:04-cv-76-TC)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Refugio Marizcales-Delgadillo, a federal prisoner proceeding pro se, seeks

a certificate of appealability (COA) to appeal the district court's denial of his

motion for relief under Fed. R. Civ. P. 60(b)(6).  In his Rule 60(b) motion, he

asked the district court to vacate its order denying his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence.  We view Mr. Marizcales-Delgadillo's

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pro se filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), and, for the following reasons, deny a COA and dismiss the appeal.

## I. Background

In September 2002, Mr. Marizcales-Delgadillo pleaded guilty to one count of possession of a controlled substance with intent to distribute and was sentenced to 240 months of incarceration followed by three years of supervised release. He did not file a direct appeal.

On January 26, 2004, he filed his § 2255 motion alleging that his trial counsel had rendered ineffective assistance at the sentencing hearing by failing to raise appropriate objections, and that counsel was ineffective because he disregarded Mr. Marizcales-Delgadillo's request to file a direct appeal of the criminal conviction. Along with his § 2255 motion, Mr. Marizcales-Delgadillo filed motions (1) to obtain copies of certain documents from both the court and his retained counsel, who allegedly refused to supply them, including the government's plea-offer letters leading up to his plea agreement, the plea agreement itself, and the sentencing transcripts; (2) for leave to supplement his § 2255 motion after he had an opportunity to review the requested documents; and (3) to toll the one-year statute of limitations on his § 2255 motion. On April 21, 2004, the district court denied the § 2255 motion sua sponte on the ground that in his plea agreement, Mr. Marizcales-Delgadillo had waived his right to challenge his sentence in any collateral attack, including a § 2255 motion. The court denied

his other motions as moot. The district court did not enter a separate judgment as provided under Fed. R. Civ. P. 58, and Mr. Marizcales-Delgadillo did not appeal.

More than twenty months later, in a letter filed in the district court on January 6, 2006, Mr. Marizcales-Delgadillo stated that he had never received a copy of the April 21, 2004, order denying his § 2255 motion and only became aware of the denial in December 2005 when another prisoner checked the docket for him on the district court's PACER website. He also requested a copy of the order so that he could prepare a Rule 60(b) motion or a motion to file a notice of appeal out of time. On March 2, 2006, he filed a Rule 60(b)(6) motion asking the court to vacate the denial of his § 2255 motion. He argued primarily that the court erred in ruling on the § 2255 motion, which he characterized as ill-pled, without first giving him an opportunity to obtain copies of the documents relevant to his plea agreement and a chance to amend the § 2255 motion. On March 6, 2006, the district court summarily denied the Rule 60(b) motion in a "[d]ocket text order only." *See* Docket Entry No. 13.

Mr. Marizcales-Delgadillo then filed a timely notice of appeal from the denial of the Rule 60(b)(6) motion and moved for a COA. The district court did not grant or deny the motion for a COA within thirty days, so we deem it denied and treat his notice of appeal as a renewed COA application. *See* Fed. R. App. P. 22(b)(2); 10th Cir. R. 22.1(A), (C).

## II. Discussion

Before we can consider whether Mr. Marizcales-Delgadillo is entitled to a COA on the denial of his Rule 60(b)(6) motion, we first must determine whether the motion was a "true" Rule 60(b) motion or a second or successive motion for § 2255 relief, a distinction the Supreme Court drew in *Gonzalez v. Crosby*, 545 U.S. 524, 531-33 (2005), in the context of a habeas petition filed by a state prisoner under 28 U.S.C. § 2254. When the district court summarily denied the Rule 60(b) motion in March 2006, it did not make this threshold determination. Indeed, not until well after the court's order did we set forth procedures district courts are to follow in this situation. *See Spitznas v. Boone*, 464 F.3d 1213, 1216-17 (10th Cir. 2006). Applying *Gonzalez* in the context of this § 2255 case, *see United States v. Nelson*, 465 F.3d 1145, 1147, 1148 (10th Cir. 2006), we conduct this inquiry in the first instance, *see Spitznas*, 464 F.3d at 1224. The answer to this threshold question will direct whether we treat this matter as a request for a COA and apply the standard set forth in 28 U.S.C. § 2253(c)(2), or whether we must consider authorizing a second or successive § 2255 motion under the standard set out in paragraph eight of § 2255.

### A.

A Rule 60(b) motion is a second or successive § 2255 motion under *Gonzalez* if, in substance or effect, it asserts or reasserts a federal basis for relief from the sentence imposed. *See Gonzalez*, 545 U.S. at 538; *Spitznas*, 464 F.3d

at 1215. On the other hand, a "true" Rule 60(b) motion is one that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. As we have interpreted *Gonzalez*, a true Rule 60(b) motion is one that challenges either (1) a procedural ruling that precluded a determination on the merits of the underlying habeas petition, or (2) a defect in the integrity of the proceedings in the federal district court that does not inextricably lead to an attack on a merits-based resolution of the underlying habeas petition. *Spitznas*, 464 F.3d at 1215-16.

Applying this analytic framework to this § 2255 case, we need not determine whether the district court's denial of Mr. Marizcales-Delgadillo's § 2255 motion was procedural or on the merits. Regardless of how that denial may be characterized, his Rule 60(b)(6) motion is a "true" 60(b) motion because it challenged a defect in the integrity of the district court proceedings without necessarily attacking the reason the district court denied the underlying § 2255 motion. In his Rule 60(b)(6) motion, Mr. Marizcales-Delgadillo primarily argued that the court had erred by denying his § 2255 motion without giving him an adequate opportunity to access record documents and amend the motion to present his claims properly, thus calling into question the integrity of the proceedings from the point of view of procedural due process.

Although Mr. Marizcales-Delgadillo also discussed the merits of his § 2255 motion in his Rule 60(b)(6) motion, he did so on the theory that to prevail on the 60(b) motion, he had to show that there was some merit in the underlying claims in the § 2255 motion.[1]  In the particular circumstances of this case, we do not construe this effort as reasserting a federal basis for relief from his sentence that would render the 60(b)(6) motion a second or successive § 2255 motion.  *See Gonzalez*, 545 U.S. at 538*; Spitznas*, 464 F.3d at 1215.  Rather, the relief sought—an opportunity to obtain the relevant documents and file an amended § 2255 motion for the court's consideration—makes evident that his Rule 60(b) motion challenged the process the court used in deciding to deny the § 2255 motion, not the substance of that decision.[2]

---

[1]    Mr. Marizcales-Delgadillo's belief was based on extra-circuit case law.  We express no opinion on the matter.

[2]    In his application for a COA in this court, Mr. Marizcales-Delgadillo contends that in his Rule 60(b) motion, he asked the district court to vacate its ruling on his ineffective assistance claim regarding counsel's failure to file a direct appeal from his conviction, as requested, based on *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005).  In *Garrett*, a § 2255 case decided after the district court denied Mr. Marizcales-Delgadillo's § 2255 motion, we held that a criminal defendant is entitled to a delayed appeal if he can establish that he asked his attorney to file an appeal and the attorney ignored the request, even if the defendant had accepted a plea agreement purporting to waive the right to challenge his conviction or sentence on direct appeal.  *Id.* at 1266-67.  We fail to see where *Garrett* was raised in the Rule 60(b) motion.

**B.**

Having concluded that the motion is a "true" Rule 60(b)(6) motion, we next must determine whether Mr. Marizcales-Delgadillo is entitled to a COA. *See* 28 U.S.C. § 2253(c)(2). A COA may issue only "if the [movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In the habeas context, a petitioner seeking a COA to challenge the denial of a true Rule 60(b) motion on procedural grounds must satisfy a two-part test by showing "'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Spitznas*, 464 F.3d at 1225 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The district court here gave no reason in its "docket text order" for denying the Rule 60(b)(6) motion. The "failure to offer any reason for denial of such a motion *could* . . . constitute an abuse of discretion," *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (emphasis added), but "a failure of explanation is harmless when the record reveals the apparent reason or reasons justifying" a discretionary decision, *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1116 (10th Cir. 2004). As explained below, it is clear from the record that procedural grounds justify the district court's decision. Therefore, we may apply

-7-

the two-part *Slack* test to what was in effect a procedural denial of a true

Rule 60(b) motion.  *See Spitznas*, 464 F.3d at 1225.[3]

The *Slack* test is disjunctive, so we may base our denial of a COA on

Mr. Marizcales-Delgadillo's failure to meet either part of the test.  *See Slack*,

529 U.S. at 485.  We base our decision on *Slack*'s second prong, taking into

consideration that we review the district court's denial of the Rule 60(b)(6)

motion for an abuse of discretion.  *See Fleming v. Evans*, 481 F.3d 1249,

1254-55, 1257, 1258 (10th Cir. 2007) (considering second prong of *Slack* test in

context of applicable standard of review); *Zurich N. Am. v. Matrix Serv., Inc.*,

426 F.3d 1281, 1289 (10th Cir. 2005) (setting forth standard of review for

Rule 60(b)(6) motions).  Thus, we must consider whether jurists of reason would

---

[3]      When a district court dismisses a habeas petition or § 2255 motion on
procedural grounds and an appeal is sought, the first part of the *Slack* test looks to
the habeas petition or § 2255 motion in order to determine whether a petitioner
has stated a valid claim of the denial of a constitutional right.  But in the context
of a request for a COA to appeal the procedural denial of a Rule 60(b) motion,
there is a question as to whether we look to the underlying habeas petition or
§ 2255 motion when making this inquiry, to the Rule 60(b) motion itself, or
perhaps to some combination of the two.  In *Spitznas*, we appeared to look at the
underlying habeas petition without firmly resolving the issue.  *See Spitznas*,
464 F.3d at 1225 (quoting *Slack* test verbatim as test applicable when considering
whether to issue a COA as to the denial of a true Rule 60(b) motion but not
applying first part of test).  Two other circuits that have considered this question
in the habeas context have looked either to the Rule 60(b) motion first and,
finding no constitutional claim to support issuing a COA, to the underlying
petition, *see Reid v. Angelone*, 369 F.3d 363, 371 (4th Cir. 2004), or to the
underlying petition in light of the grounds asserted in support of the Rule 60(b)
motion, *see Kellogg v. Strack,* 269 F.3d 100, 104 (2d Cir. 2001) (per curiam). We
need not resolve the matter because, as we explain, we base our denial of a COA
on the second part of the *Slack* test.

find it debatable that the district court's denial of the Rule 60(b)(6) motion was an abuse of discretion.[4]

"[A] movant seeking relief under Rule 60(b)(6) [must] show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (quotation omitted). Mr. Marizcales-Delgadillo asserted in his Rule 60(b)(6) motion that the district court's ruling on his § 2255 motion was premature because the court did not give him a chance to review documents relevant to his plea agreement and sentencing and to amend his pleading, arguments the court had rejected once in denying relief. He could have asserted these allegations of error if he had appealed his § 2255 denial, but he did not appeal. Allegations of error that could have been raised on direct appeal generally are not the sort of extraordinary circumstances that entitle a litigant to relief under Rule 60(b)(6). *See Zurich*, 426 F.3d at 1289 ("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." (quotations and citation omitted)); *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003) (explaining that a litigant "must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment").

---

[4] Mr. Marizcales-Delgadillo made passing reference to subsection (b)(1) of Rule 60 in his brief in support of his motion, but his motion and his arguments were clearly limited to subsection (b)(6). Even if we construed his motion as based in part on subsection (b)(1), it would not change the result here.

We are not insensitive to Mr. Marizcales-Delgadillo's allegations that he did not receive notice of the denial of his § 2255 motion from the court and did not become aware of that ruling until long after the time for filing a notice of appeal had passed. But granting the Rule 60(b) motion effectively would have relieved Mr. Marizcales-Delgadillo of his failure to appeal. This would be in contravention of the applicable procedural rule, which states that a "[l]ack of notice of the entry [of an order or judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed. R. Civ. P. 77(d). The most applicable Rule 4(a) exception is Fed. R. App. P. 4(a)(6). Rule 4(a)(6), which implements 28 U.S.C. § 2107(c), *see Bowles v. Russell*, 127 S. Ct. 2360, 2363 (2007), applies when a litigant has not received notice of an appealable order or judgment, and it allows a district court to reopen the time to file an appeal for fourteen days provided certain conditions are met.

Unfortunately, we cannot treat Mr. Marizcales-Delgadillo's Rule 60(b) motion as one to reopen the time to appeal under Rule 4(a)(6) because a Rule 60(b) motion cannot be used to circumvent that rule's filing deadlines, even in uncounseled cases. *See Watson v. Ward*, 404 F.3d 1230, 1232 (10th Cir. 2005); *Clark v. Lavallie*, 204 F.3d 1038, 1040-41 (10th Cir. 2000). Strict time limits govern when a Rule 4(a)(6) motion must be filed—"within 180 days after the

judgment or order is entered or 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*." Fed. R. App. P. 4(a)(6)(B) (emphasis added); *see also* 28 U.S.C. § 2107(c) (substantially the same). The 180-day deadline is an "outer time limit" within which a litigant may ask the district court to reopen the time for filing a notice of appeal. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009-10 (10th Cir. 2000). This limitation, mandated by statute, is "specific and unequivocal," not "permissive," and may not be waived "for equitable reasons." *Clark*, 204 F.3d at 1040; *cf. Bowles*, 127 S. Ct. at 2366 (explaining that statutorily-mandated fourteen-day time limit to file appeal under Rule 4(a)(6) and § 2107(c) once court reopens period is jurisdictional and not subject to equitable exceptions).[5]

Mr. Marizcales-Delgadillo filed his Rule 60(b) motion beyond the 180-day limit of Fed. R. App. P. 4(a)(6). Because no separate judgment in accordance with Fed. R. Civ. P. 58 was entered after the district court denied the § 2255 motion on April 21, 2004, judgment was deemed entered 150 days from that date, or approximately September 20, 2004. *See* Fed. R. App. P. 4(a)(7). He then had sixty days to file a notice of appeal under Fed. R. App. P. 4(a)(1)(B), and he did

---

[5]     In addition to a motion's timeliness, a court must make two findings before reopening the time to file an appeal under Rule 4(a)(6), "that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry," and "that no party would be prejudiced." Fed. R. App. P. 4(a)(6)(A), (C). We need not address these other requirements.

not.  Assuming that he never received notice of the order denying his § 2255 motion, as he claims, any Rule 4(a)(6) motion to reopen was due no later than 180 days from September 20, 2004, or approximately March 21, 2005.  *See* Fed. R. App. P. 4(a)(6)(B).  He did not file his Rule 60(b) motion until March 2, 2006, nearly a year later and clearly beyond the jurisdictional limitations of Rule 4(a)(6)(B).[6]  Thus, we may not consider it as a motion to reopen.

### III.  Conclusion

For the foregoing reasons, we conclude that no jurist of reason could debate that the district court's denial of Mr. Marizcales-Delgadillo's Rule 60(b)(6) motion was not an abuse of discretion.[7]  Accordingly, we deny

---

[6]      To the extent that Mr. Marizcales-Delgadillo's Rule 60(b) motion could be characterized as a motion for extension of time to file a notice of appeal under Fed. R. App. P. 4(a)(5) and 28 U.S.C. § 2107(c), it was clearly filed beyond the applicable 30-day jurisdictional time limit set forth in those provisions.

[7]      Our resolution of this issue does not foreclose the use of Rule 60(b) motions in § 2255 or habeas cases.  As the Supreme Court pointed out in *Gonzalez*, "Rule 60(b) has an unquestionably valid role to play" in such cases, including to obtain relief from a default judgment or from a judgment rendered in the absence of jurisdiction.  545 U.S. at 534.

Mr. Marizcales-Delgadillo's request for a COA and dismiss the appeal.  We

grant his motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge