**REVISED SEPTEMBER 16, 2014**
**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

September 16, 2014

Lyle W. Cayce
Clerk

—————

No. 14-11024

—————

In re:  LISA ANN COLEMAN,

Movant

-------------------------------------------------------------------------------------------------------------------

CONSOLIDATED WITH 14-70029

LISA ANN COLEMAN,

Petitioner - Appellant

 v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

————————————————

Appeals from the United States District Court
for the Northern District of Texas

————————————————

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:

Lisa Ann Coleman was convicted of capital murder and sentenced to death for the kidnapping and death of Davontae Williams.  She is scheduled to be executed on September 17, 2014.  On September 11, 2014, Coleman filed a motion under Federal Rule of Civil Procedure ("Rule") 60(b) in the district court

No. 14-11024 c/w No. 14-70029

seeking relief from the district court's judgment denying her petition for federal habeas relief. On September 12, 2014, the district court construed the Rule 60(b) motion as an application for a second or successive habeas petition, and transferred the case to this court. Coleman appeals the holding that the motion was a successive writ and applies for a Certificate of Appealability on that issue. She also moves for a stay of execution.

We AFFIRM the district court's holding that the motion was a successive habeas petition, DENY the application for a second or successive habeas petition, DENY the application for a Certificate of Appealability, and DENY the motion for a stay of execution.

I.

A detailed factual and procedural background of this case is laid out in this court's earlier opinion that denied Coleman's previous application for a Certificate of Appealability ("COA").[1] A brief summary is provided here.

On the morning of July 26, 2004, emergency services were summoned to the house of nine-year-old Davontae Williams upon receiving a report that he was suffering from breathing difficulties. Davonate was dead when the paramedics arrived. He was clad only in bandages and a diaper, and was so emaciated and underweight that one of the paramedics called it "shocking." A crime scene investigator, along with a pediatrician, Dr. Konzelmann, examined Davonate's body and identified numerous injuries and wounds consistent with him being bound repeatedly. The cause of death was eventually determined to be malnutrition with pneumonia.

Coleman was charged with Davontae's murder. She was romantically involved with Davontae's mother, Marcella Williams, and interacted repeatedly with Davontae during that time. At trial, witnesses testified, and

---

[1] *Coleman* v. *Thaler*, 716 F.3d 895, 898-901 (5th Cir. 2013).

No. 14-11024 c/w No. 14-70029

Coleman confirmed, that she had tied up and beaten Davontae on several occasions, though she denied other accusations, including that she had locked Davontae in a pantry. Toward the end of his life, Davontae did receive some medical treatment and nutritional support, although Dr. Konzelmann testified that such treatment was, in essence, too little, too late. Dr. Konzelmann also opined that the treatment events were, at least in part, an attempt to prevent Davontae from coming to the attention of medical authorities, for fear they would take him away from Marcella Williams and Coleman.

The State of Texas indicted Coleman for capital murder, which includes murders committed intentionally "in the course of committing or attempting to commit kidnapping."[2] Coleman, the state argued, had aided and abetted Marcella Williams in kidnapping Davontae in his own home, by restraining him "with intent to prevent his liberation by . . . secreting or holding him in a place where is not likely to be found."[3] Coleman was unanimously found guilty of murder after fifty-six minutes of deliberation. At the punishment phase of trial, after less than four hours of deliberation, the jury found that there were no sufficient mitigating circumstances warranting a sentence of life imprisonment. As a result, the court, bound by state law, sentenced Coleman to death.

The Texas Court of Criminal Appeals affirmed Coleman's sentence and conviction on direct appeal in December 2009.[4] After unsuccessfully seeking a writ of habeas corpus from the Texas state court system, she timely petitioned for federal habeas relief in the Northern District of Texas, which denied her petition on the merits in January 2012.[5] She sought a COA from this court,

---

[2] *Id.* at 900 n.8 (citing Tex. Penal Code § 19.03(a)(2)).

[3] *Id.* at 900 n.9 (citing Tex. Penal Code §§ 20.01(2), 20.03(a)).

[4] *Coleman* v. *State*, AP-75478, 2009 WL 4696064 (Tex. Crim. App. Dec. 9, 2009).

[5] *Coleman* v. *Thaler*, No. 4:11-CV-542-A, 2012 WL 171549 (N.D. Tex. Jan. 20, 2012).

No. 14-11024 c/w No. 14-70029

which we denied on the merits on May 23, 2013, concluding that she had made an inadequate showing on three grounds: (a) that her legal team was constitutionally ineffective for failing to investigate facts related to her conviction for capital murder, (b) that her counsel was constitutionally ineffective for failing to investigate and present mitigation evidence, and (c) that she was incarcerated for an offense of which she is actually innocent. The Supreme Court denied Coleman's petition for a writ of certiorari on February 24, 2014.[6]

Coleman filed a subsequent state application for post-conviction relief in state court on September 5, 2014, which the Texas Court of Criminal Appeals denied on September 10, 2014. The next day, September 11, 2014, Coleman moved in federal district court for relief from judgment and a stay of execution pursuant to Rule 60(b). In that motion, she sought to introduce four affidavits, which she argued would show that Davontae was not kept in the house, and thus was not kidnapped. On September 12, 2014, the district court construed Coleman's Rule 60(b) petition as a subsequent habeas petition under 28 U.S.C. § 2244, determined it was without jurisdiction to hear the case,[7] and transferred the action to this court.[8]

## II.

## A.

The first issue for this court is whether the district court properly construed Coleman's purported Rule 60(b) filing as a subsequent habeas

---

[6] *Coleman* v. *Stephens*, 134 S. Ct. 1306 (2014).

[7] *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

[8] While the district court did not clarify the provision by which it transferred this action, we have previously construed similar transfers as properly filed under 28 U.S.C. § 1631. *See Adams* v. *Thaler*, 679 F.3d 312, 322 (5th Cir. 2012).

petition.  We review the district court's determination de novo.[9]  In *Gonzalez* v. *Crosby*,[10] the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure.  A motion is substantive – and thus a successive habeas petition – if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."[11]   If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.[12]

Procedural defects are narrowly construed, however.  They include "[f]raud on the habeas court,"[13] as well as erroneous "previous ruling[s] which precluded a merits determination . . . – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."[14]  They generally do not include "an attack based on the movant's own conduct, or his habeas counsel's omissions," which "do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably."[15]

---

[9] *In re Jasper*, 559 F. App'x 366, 370 (5th Cir. 2014) (citing *Ward* v. *Norris*, 577 F.3d 925, 932 (8th Cir. 2009)).

[10] 545 U.S. 524 (2005).

[11] *Id.* at 532.

[12] *Id.*

[13] *Id.* at 532 n.5.

[14] *Balentine* v. *Thaler*, 626 F.3d 842, 846-47 (5th Cir. 2010) (quoting *Gonzalez*, 545 U.S. at 532 n.4).

[15] *Gonzalez*, 545 U.S. at 532 n.5.

No. 14-11024 c/w No. 14-70029

Coleman argues that there was a defect in the integrity of her original habeas petition, namely that "the additional evidence from the four witnesses recently discovered and relevant to the 'kidnapping' issue was unavailable to this Court when it decided the claim previously, and the attached affidavits and the evidence contained therein are now available." Her counsel's failure to discover and present this evidence, she argues, indicated that they were constitutionally ineffective.[16]    This claim, however, is fundamentally substantive – she argues that the presence of new facts would have changed this court's original result.[17] Moreover, Coleman does not allege that the court or prosecution prevented her from presenting such evidence, but rather argues that her own counsel was ineffective in failing to present such evidence.[18] The

---

[16] Coleman is not clear about whether she argues that her trial counsel was constitutionally ineffective in discovering the evidence, which, had it been presented, would have led to a "reasonable probability that . . . the result of the proceeding would have been different," *Strickland* v. *Washington*, 466 U.S. 668, 694 (1984), or whether she is making a freestanding claim that the new evidence would show that she is actually innocent. We have previously held that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Coleman* v. *Thaler*, 716 F.3d 895, 908 (5th Cir. 2013) (quoting *Dowthitt* v. *Johnson*, 230 F.3d 733, 741 (5th Cir. 2000)). Given the unavailability of the latter argument, we will construe Coleman's petition as making an ineffective assistance claim.

[17] *See In re Jasper*, 559 F. App'x 366, 371 (5th Cir. 2014) ("[A] motion that 'asks the district court for an opportunity to offer facts that (in the petitioner's view) will prove that his conviction was constitutionally infirm,' raises 'a paradigmatic habeas claim.'") (quoting *Rodwell* v. *Pepe*, 324 F.3d 66, 71-72 (1st Cir. 2003)).

[18] Coleman cites to several cases in our sister circuits where actions by the prosecution or the courts marred the integrity of the habeas proceeding. *See, e.g.*, *In re Pickard*, 681 F.3d 1201, 1205-06 (10th Cir. 2012) (claim that prosecution improperly withheld exculpatory evidence, preventing them from obtaining discovery to establish their claims, was a flaw in the procedure, and did not constitute a second-or-successive claim); *Mitchell* v. *Rees*, 261 F. App'x 825, 829 (6th Cir. 2008) (court's failure to provide an evidentiary hearing is a defect in the integrity of the habeas procedure); *United States* v. *Marizcales-Delgadillo*, 243 F. App'x 435, 438 (10th Cir. 2007) (court's denial of habeas motion "without giving [petitioner] an adequate opportunity to access record documents and amend the motion to present his claims properly," had "call[ed] into question the integrity of the proceedings from the point of view of procedural due process"). Such precedent is simply inapposite in this factual context, where there are no allegations that the court or state took any actions to hinder Coleman's ability to present evidence in her case.

No. 14-11024 c/w No. 14-70029

Supreme Court has held that such an argument sounds in substance, not procedure.[19]    Nor is Coleman's alleged defect similar in kind to those highlighted by the Supreme Court as examples of procedural failures, such as statute-of-limitations or exhaustion rulings.[20]    As such, we AFFIRM the decision of the district court, and treat Coleman's petition as a second or subsequent habeas application.[21]

B.

Our duties with regard to a second or successive petition are set forth in 28 U.S.C. § 2244(b), which, in relevant part, states:

(1)    A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2)    A claim presented in a second or subsequent habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A)    The applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[19] *See Gonzalez*, 545 U.S. at 532 n.5 ("We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.").

[20] *See id.* at 532 n.4.

[21] Coleman raises an argument that she is entitled to review under the rule set out in *Martinez* v. *Ryan*, 132 S. Ct. 1309 (2012), and *Trevino* v. *Thaler*, 133 S. Ct. 1911 (2013). These cases hold that, under certain circumstances, state law procedural default of a substantive claim of ineffective assistance of trial counsel may be excused if counsel was ineffective during the initial state-habeas review. *See Trevino*, 133 S. Ct. at 1914-15. Here, Coleman's ineffective assistance of trial counsel claim was presented to this court, and was addressed on the merits, during her federal habeas petition. *Coleman*, 716 F.3d 895, 903-08 (5th Cir. 2013). As such, Coleman cannot point to any state law procedural default permitting relief under *Martinez* and *Trevino*.

(B)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; <u>and</u>

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[22]

In our previous opinion, we held that the failure of Coleman's trial counsel to present similar affidavits suggesting that Davontae was allowed to leave his house, and thus had not been kidnapped, did not rise to the level of constitutional ineffectiveness.[23]   Coleman raises essentially the same claim here, albeit with additional affidavits, and thus her claim is barred as previously raised under section 2244(b)(1).[24]

Even if we construed her claim as new, however, it still must be dismissed.  Coleman does not argue, nor can she, that her claim is based on a new rule of constitutional law.  Her only avenue for relief, then, is to show <u>both</u> that (1) the factual predicate for her claim could not have been discovered through due diligence, and (2) that the facts, taken as true, would have shown by clear and convincing evidence that but for the constitutional error, in this case, the ineffective assistance of her trial counsel, no reasonable factfinder would have found her guilty of kidnapping.  This she cannot do.

In an ineffective assistance of counsel claim, both conditions cannot be true.  If the new evidence – in this case the four affiants – could not have been discovered earlier through due diligence, as the statute requires, then the trial

---

[22] 28 U.S.C. § 2244(b) (emphasis added).

[23] *See Coleman*, 716 F.3d at 903-08.

[24] In this sense, she raises new *facts*, but not a new *claim*.  We have held that such situations count as the "same claim" for the purposes of this section.  *See Adams* v. *Thaler*, 679 F.3d 312, 322 (5th Cir. 2012).

No. 14-11024 c/w No. 14-70029

counsel would not have been ineffective, as the Supreme Court, in *Strickland* v. *Washington*, requires that "counsel's performance [be] deficient."[25]  In that case, there would be no constitutional error, and Coleman would fail section 2244(b)(2)(B)'s second prong.  And if the evidence could have been discovered through due diligence, Coleman would fail the first prong.  Accordingly, we DENY her application for a second or successive habeas petition.

III.

Coleman also moves for a stay of execution.  In determining whether to issue a stay of execution, we must consider:

> (1)    whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) whether the public interest lies.[26]

Here, Coleman has not made a showing that she is likely to succeed on the merits.  As a result, we DENY her motion for a stay of execution.

---

[25] 466 U.S. 688, 682 (1984).

[26] *Diaz* v. *Stephens*, 731 F.3d 370, 379 (5th Cir. 2013) (quoting *Green* v. *Thaler*, 699 F.3d 404, 441 (5th Cir. 2012)).