# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11102
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 27, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK ADRIAN JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1963

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Derrick Adrian Johnson, federal prisoner # 36454-177, appeals the district court's transfer of his Federal Rule of Civil Procedure 60(d)(3) motion to this court, arguing that the district court erred in characterizing it as an unauthorized successive motion to vacate his conviction under 28 U.S.C. § 2255.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11102

The district court's transfer order is an appealable collateral order over which this court has jurisdiction. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015); 28 U.S.C. § 1631; 28 U.S.C. § 2253(c)(1)(B). We review de novo whether the district court properly construed Johnson's purported Rule 60(d)(3) filing as a successive § 2255 motion. *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014).

Although it purportedly challenged the integrity of his prior proceedings under § 2255, Johnson's Rule 60(d)(3) motion explicitly challenged the district court's previous denial of relief on his claims of perjured testimony and prosecutorial misconduct and explicitly sought vacatur of his criminal conviction. Accordingly, the district court properly characterized it as a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Mosavi*, 138 F.3d 1365, 1366 (5th Cir. 1998). Because Johnson had not obtained prior authorization to file a successive § 2255 motion, the district court lacked jurisdiction to entertain it. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). We therefore AFFIRM the district court's order transferring the § 2255 motion to this court under § 1631.