# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-70023

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2019

Lyle W. Cayce
Clerk

JOSEPH GAMBOA,

> Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

> Respondent - Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:15-CV-113

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Petitioner Joseph Gamboa moves for a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c)(2), seeking review of the district court's denial of his Rule 60(b) motion for relief from judgment in his 28 U.S.C. § 2254 action. The district court ruled that the motion was an impermissible successive habeas petition and, alternatively, that Gamboa failed to demonstrate

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-70023

extraordinary circumstances warranting relief under Rule 60(b)(6).[1]  We conclude that reasonable jurists would not debate that Gamboa's Rule 60(b) motion was an unauthorized successive habeas petition and DENY a COA.[2]

## I

Joseph Gamboa was convicted by a Texas jury of capital murder and sentenced to death in March 2007 for the killing of Ramiro Ayala and Douglas Morgan during a robbery at Taco Land, a bar in San Antonio, Texas, in 2005. Gamboa's conviction and sentence were affirmed on direct appeal. *See Gamboa v. State*, 296 S.W.3d 574 (Tex. Crim. App. 2009).  Gamboa then filed a state habeas application, which was denied on February 4, 2015.

In 2015, Gamboa filed a motion seeking appointment of counsel under 18 U.S.C. § 3599 to prepare a federal habeas petition.  The district court appointed John Ritenour, Jr. to represent Gamboa on March 19, 2015, and set a deadline of July 1, 2015 to file a habeas petition.  Over the next several months, Ritenour moved three times for an extension of time to file Gamboa's habeas petition, seeking the full one-year limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1).  The district court granted these motions.

On February 3, 2016, Ritenour filed a fifty-five-page habeas petition alleging seven claims for relief that attacked the constitutionality of the Texas capital sentencing scheme.  Respondent filed an answer in April 2016, arguing that all the claims were foreclosed by well-settled precedent and some claims

---

[1] The district court's consideration of this alternative matter was error. The Antiterrorism and Effective Death Penalty Act divests the district court of jurisdiction to consider unauthorized successive habeas petitions; thus, once the district court concluded Gamboa's motion was a successive § 2254 petition, it should have dismissed the motion or transferred it to this court for authorization. *See* 28 U.S.C. § 2244(b)(4); *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007).

[2] Consequently, we do not reach the district court's alternative holding that Gamboa was not entitled to relief under Rule 60(b)(6).

were also procedurally defaulted. Ritenour then filed an untimely two-paragraph reply,[3] admitting that, "[a]fter considerable review and reflection," each claim in Gamboa's habeas petition was foreclosed by precedent.[4] The district court denied Gamboa's habeas petition on the grounds that five out of the seven claims were procedurally defaulted, one claim was partially procedurally defaulted, and all claims lacked merit. The court denied a COA. Ritenour then moved to withdraw, but the district court denied the motion without prejudice. Gamboa filed a pro se declaration indicating his intent to appeal, which the district court construed as a timely notice of appeal.

On appeal, Ritenour again moved to withdraw, and this court granted the motion. After obtaining new, pro bono counsel, Gamboa successfully obtained a stay of proceedings in this court so that he could file a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) in the district court. In his Rule 60(b) motion, Gamboa argued that Ritenour abandoned him, depriving him of the quality legal representation guaranteed in his federal habeas proceedings under § 3599, and that the proceedings should therefore be reopened to cure that defect. The district court denied the Rule 60(b) motion as an unauthorized successive petition and, alternatively, denied the motion on the merits for failure to show extraordinary circumstances justifying Rule 60(b) relief. The district court also denied Gamboa a COA. Gamboa now seeks a COA in this court to challenge the district court's ruling on his Rule 60(b) motion.

---

[3] Ritenour filed the reply twenty-four days late. On May 12, 2016, ten days after a reply was due, Ritenour filed a motion for an extension of time to file a reply, admitting that he missed both the deadline to file a reply and the deadline to request an extension of time, and stating that the delay was caused by his work on other legal matters. The court did not rule on the motion.

[4] Neither the habeas petition nor the reply acknowledged the issue of procedural default or argued that an exception applied to overcome procedural default.

No. 16-70023

## II

A COA is required to appeal a district court's denial of a Rule 60(b) motion for relief from a federal habeas judgment. *See Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011). To obtain a COA, a petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). In determining whether to grant a COA, we do not give full consideration to "the factual or legal bases adduced in support of the claims." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, we ask only "whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

## III

We first consider whether Gamboa's Rule 60(b) motion was, as the district court determined, an unauthorized successive habeas petition. Rule 60(b) allows a party to seek relief from a final judgment "under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005), or "any other reason that justifies relief," FED. R. CIV. P. 60(b)(6). When presented with a Rule 60(b) motion in a habeas proceeding, the district court must first determine whether the motion is, in reality, a second or successive habeas petition, which can only be brought if a court of appeals first certifies that it meets the requirements of

4

§ 2244(b)(2).[5]  A Rule 60(b) motion is a successive petition if it "advances one or more claims" by "seek[ing] to add a new ground for relief" or "attack[ing] the previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532. However, "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination." *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez*, 545 U.S. at 532).  This court construes these exceptions narrowly to include "[f]raud on the habeas court" or "erroneous previous ruling[s] which precluded a merits determination," such as the denial of a petition for "failure to exhaust, procedural default, or statute-of-limitations bar." *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (internal quotation marks omitted).  *But see Crutsinger v. Davis*, No. 18-70027, 2019 WL 2864445, at *4 (5th Cir. July 3, 2019) (a Rule 60(b) motion attacking the district court's denial of funding under 18 U.S.C. § 3599(f) in the first federal habeas proceeding was not a successive habeas petition); *Clark v. Davis*, 850 F.3d 770 (5th Cir. 2017) (an allegation of federal

---

[5] A second or successive habeas petition must be dismissed unless a court of appeals certifies that:

> (A) the applicant [has shown] that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2); *see also Gonzalez*, 545 U.S. at 530.

habeas counsel's conflict of interest attacked a defect in the integrity of habeas proceedings).

The district court construed Gamboa's Rule 60(b) motion as a successive habeas petition. The court reasoned that, if Gamboa succeeded on his Rule 60(b) motion, the only result would be to give him an opportunity to present new claims through new counsel. The court also reasoned that the Rule 60(b) motion, by alleging counsel's failure to investigate various potential claims, evidenced an intent to eventually raise new claims. Accordingly, the court concluded that Gamboa's motion was an impermissible attempt to "circumvent" § 2244 by "using his abandonment allegation as a means to re-open the proceedings for the ultimate purpose of eventually raising and litigating new claims" and that this was "the very definition of a successive petition." Gamboa argues that his Rule 60(b) motion was not a successive habeas petition because it did not contain substantive claims for relief or challenge the district court's resolution of his habeas claims on the merits. Instead, he emphasizes that his Rule 60(b) motion alleged abandonment by Ritenour during the habeas proceedings, culminating in Ritenour's filing of a petition with seven generic claims challenging the Texas capital sentencing scheme that were copied and pasted from another client's petition. He contends that his allegation of abandonment is an attack on the integrity of the habeas proceedings and not on the district court's resolution of any claim on the merits.

Challenges based on the movant's own conduct, or omissions by habeas counsel, "ordinarily do[] not go to the integrity of the proceedings, but in effect ask[] for a second chance to have the merits determined favorably." *Coleman*, 768 F.3d at 371 (citing *Gonzalez,* 545 U.S. at 532 n. 5). Gamboa argues that Ritenour's actions exceeded ordinary attorney omissions and amounted to

"wholesale abandonment," depriving him of his statutory right to counsel under § 3599.[6] However, in *In re Edwards*, this court held that:

> Turning to the issue of the alleged abandonment of his habeas counsel, the district court was correct that this claim is also a successive claim. The Rule 60(b) motion seeks to re-open the proceedings for the purpose of adding new claims. This is the definition of a successive claim.

*See* 865 F.3d 197, 204–05 (5th Cir. 2017). The court reasoned that "arguments about counsel's failure to discover and present particular arguments sound[] in substance, not in procedure." *Id.* at 205 (citing *Coleman*, 768 F.3d at 372).

Troubling though Gamboa's allegations of attorney abandonment may be, reasonable jurists would not debate the district court's holding that his Rule 60(b) motion was an unauthorized successive habeas petition in light of *Edwards*. *See Miller-El*, 537 U.S. at 336. Accordingly, a COA is DENIED.

---

[6] Gamboa claims that Ritenour's case load, ailing health, and other personal matters led Ritenour to abandon him. Specifically, he claims that Ritenour only met with him once prior to filing the habeas petition and "told [Gamboa] that he had read the state court record in [his] case and believed [Gamboa] was guilty"; that, despite the standards for federal habeas counsel in death penalty cases, Ritenour failed to form a representation team that included multiple attorneys, investigators, and experts; that Ritenour failed to speak to Gamboa's family members, or to investigate and prepare Gamboa's petition even after three filing extensions; that Ritenour failed to conduct legal research until the day before the filing deadline; that Ritenour ignored documents Gamboa gave him that Gamboa contends contained potential witnesses and leads; that Ritenour failed to communicate with him throughout the proceedings; that Ritenour filed a seven-claim petition that he copied and pasted from the habeas petition of another client, Obie Weathers, that contained generic, legally-foreclosed challenges to the Texas death penalty scheme; and that Ritenour filed an untimely, two-paragraph reply brief conceding the claims in the habeas petition were foreclosed.

No. 16-70023

JAMES L. DENNIS, Circuit Judge, specially concurring:

Gamboa argues that his Rule 60(b) motion alleged a defect in the integrity of his federal habeas proceedings by attacking the performance of his federal habeas counsel, John Ritenour, whose alleged "wholesale abandonment" of Gamboa exceeded ordinary attorney omissions and deprived him of his statutory right to counsel under 18 U.S.C. § 3599. I acknowledge that reasonable jurists would not debate the district court's ruling that Gamboa's Rule 60(b) motion was a successive habeas petition because we are bound by *In re Edwards*, 865 F.3d 197 (5th Cir. 2017). However, I write separately to express my view that *Edwards*'s holding should be reconsidered and overruled because a Rule 60(b) motion alleging abandonment by counsel can, at least in some instances, attack a defect in the integrity of the habeas proceedings.

*Edwards* held that a Rule 60(b) motion alleging abandonment by habeas counsel is "the definition of a successive" habeas claim because it "seeks to re-open the proceedings for the purpose of adding new claims." *See id.* If *Edwards* is interpreted to mean that a Rule 60(b) motion is always improper if granting it would ultimately permit a party to pursue claims for relief under 28 U.S.C. § 2254 or § 2255, this interpretation is obviously incorrect: A Rule 60(b) motion for relief from judgment in the habeas context is *designed to reopen the proceedings* to allow a petitioner to have claims heard on the merits.[1] *See*

---

[1] Here, Respondent argues that Gamboa's Rule 60(b) motion is a successive habeas petition because it sought to raise and advance substantive claims. Gamboa's Rule 60(b) motion mentioned several potentially meritorious, case-specific claims that Ritenour did not bring, including a potential *Brady* violation. However, he presented these claims in a few paragraphs detailing Ritenour's failure to investigate or conduct discovery and as further evidence that he was allegedly deprived of the quality legal representation guaranteed by § 3599. Thus, in my view, it is debatable whether Gamboa's objective in discussing these potential claims was to challenge the district court's resolution of his habeas petition on the merits or to argue that counsel's abandonment was a defect in the integrity of the proceedings. *See In re Segundo*, 757 F. App'x 333, 336 (5th Cir. 2018) (a Rule 60(b) motion

No. 16-70023

*United States v. Vialva*, 904 F.3d 356, 361 (5th Cir. 2018) ("[T]he question before us is not whether Rule 60(b) motions can reopen proceedings—they certainly can—but whether [petitioners] have actually alleged procedural defects cognizable under Rule 60(b)."). As the Tenth Circuit stated in *In re Pickard*:

> What else could be the purpose of a 60(b) motion? The movant is always seeking in the end to obtain [28 U.S.C.] § 2255 relief. The movant in a true Rule 60(b) motion is simply asserting that he did not get a fair shot in the original § 2255 proceeding because its integrity was marred by a flaw that must be repaired in further proceedings.

681 F.3d 1201, 1206 (10th Cir. 2012).

If *Edwards* is interpreted to hold that a Rule 60(b) motion alleging abandonment by counsel is always a successive habeas petition, this interpretation is also overly broad and misses the mark. First, the Supreme Court has implicitly noted that extraordinary omissions by counsel may rise to the level of a defect in the integrity of habeas proceedings. *See Gonzalez*, 545 U.S. at 532 n.5 (noting that omissions by habeas counsel "ordinarily" do not go to the integrity of the habeas proceedings). Second, this court has already recognized that a conflict of interest by habeas counsel can constitute a defect in the integrity of the proceedings, *see Clark v. Davis*, 850 F.3d 770 (5th Cir. 2017); *In re Paredes*, 587 F. App'x 805, 823 (5th Cir. 2014), and abandonment by habeas counsel is analogous.

---

alleging a claim of ineffective assistance of counsel was a successive habeas petition where the "claim was the focus of the motion, and reopening the proceedings to relitigate it is the clear objective of the filing" (citing *Preyor*, 704 F. App'x at 340)); *Haynes v. Davis*, 733 F. App'x 766, 769 (5th Cir. 2018) ("[W]hile the viability of a petitioner's underlying constitutional claim may be tangentially relevant to the Rule 60(b) analysis, the Rule may not be used to attack 'the substance of the federal court's resolution of a claim *on the merits*." (internal citations and quotation marks removed)).

9

In *Gonzalez*, the Supreme Court "note[d] that an attack based on . . . habeas counsel's omissions . . . *ordinarily* does not go to the integrity of the [habeas] proceedings," thereby implicitly suggesting that some omissions by counsel could rise to the level of impacting the integrity of the proceedings. *See* 545 U.S. at 532 n.5 (emphasis added); *see also In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (an attack based on habeas counsel's omissions "generally" "do[es] not go to the integrity of the proceedings"). The Court noted with approval the Second Circuit's holding in *Harris v. United States,* 367 F.3d 74, 80–81 (2nd Cir. 2004), that a Rule 60(b) motion asserting that counsel omitted a Sixth Amendment claim was a successive habeas petition. *See id.* at 530–31. Notably, however, *Harris*'s holding emphasizes a distinction between allegations of ordinary omissions by counsel and abandonment. *See Harris,* 367 F.3d at 80–81. According to the Second Circuit:

> It follows that the integrity of a habeas proceeding cannot be impugned under Rule 60(b)(6) using the standard established in [*Strickland v. Washington*, 466 U.S. 668, 687 (1984)]. Instead, a Rule 60(b)(6) movant must show that his lawyer agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all.

*Id.* at 81. This distinction exists because, unlike ordinary omissions by counsel, abandonment "sever[s] the principal-agent relationship" and "an attorney no longer acts, or fails to act, as the client's representative." *See Maples v. Thomas*, 565 U.S. 266, 281 (2012); *see also In re Jasper*, 559 F. App'x 366, 371 (5th Cir. 2014). "[A] client [cannot] be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *See Maples*, 565 U.S. at 283.

Second, *Edwards*'s holding is also called into question by this court's recognition in *Clark*, 850 F.3d at 780, that an allegation that an attorney has a conflict of interest attacks the integrity of the habeas proceedings, and not

the substance of the district court's resolution of the claim on the merits. As *Clark* discussed, a conflict of interest arises when a petitioner has meritorious but procedurally defaulted claim that his trial counsel was ineffective, but is represented by federal habeas counsel who also served as the petitioner's state habeas counsel. *See* 850 F.3d at 779 (discussing *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013)). This is because that habeas attorney "could not be expected to argue his own ineffectiveness to overcome" the procedural default of that ineffective-assistance-of counsel claim. *See id.* This court has held that, in such situations, because counsel "prevent[ed] [the petitioner] from having his ineffective-assistance-of-counsel claim reviewed on the merits," a Rule 60(b) motion asserting a conflict of interest attacks a defect in the integrity of the habeas proceedings and is not an impermissible successive petition.[2] *See id.* at 779–80.

This court's reasoning that an allegation of a conflict of interest can warrant reopening of habeas proceedings without running afoul of 28 U.S.C. § 2244's bar on unauthorized successive petitions should apply with equal force when a petitioner alleges actual or constructive abandonment by counsel. In every action in which a criminal defendant is charged with a crime punishable by death and cannot afford adequate representation, the defendant is guaranteed a right to counsel. *See* 18 U.S.C. § 3599(a). "[T]he right to counsel

---

[2] The *Edwards* court acknowledged the conflict-of-interest exception recognized in *Clark* but concluded that Edwards did not assert the same type of conflict of interest and found it inapposite. *See Edwards*, 865 F.3d at 206–07 ("Edwards asks us to extend the reasoning of *Clark* to his case. The district court found that a reasonable jurist could differ as to whether Edwards's alleged abandonment by counsel 'could be the sort of defect in the integrity of the federal habeas proceedings that could warrant Rule 60(b) relief' and granted a COA on it. The district court correctly observed, however, that Edwards . . . 'has not shown the type of conflict of interest presented in *Clark*.'" (internal citations omitted)). Here, however, Gamboa's Rule 60(b) motion did not assert that Ritenour had the same type of conflict of interest at issue in *Clark*; rather, Gamboa argued that *Clark* established a defect in the integrity of the proceedings that is analogous to the defect resulting from attorney abandonment.

necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims. Where this opportunity is not afforded, approving the execution of a defendant before his [petition] is decided on the merits would clearly be improper." *McFarland v. Scott*, 512 U.S. 849, 858 (1994) (discussing 21 U.S.C. § 848(q), which in 2006 was repealed and substantially reenacted as 18 U.S.C. § 3599 (internal citations and quotation marks omitted)). Section 3599(a) creates a statutory right to conflict-free-counsel, *see Mendoza v. Stephens*, 783 F.3d 203, 210 (5th Cir. 2015), and to "proper representation," *see* 18 U.S.C. § 3599(a), (c)–(d); *see also McFarland*, 512 U.S. at 858. Like conflicted counsel, who cannot "be expected to argue his own ineffectiveness," *see Clark*, 850 F.3d at 779, an attorney who has actually or constructively abandoned his client cannot be expected to raise meaningful claims on his client's behalf, if he raises any claims at all.

A similar deprivation thus results from counsel's abandonment and conflict of interest, as each prevents the district court from ever considering the petitioner's claims on the merits. *See id.*; *see also McFarland*, 512 U.S. at 859 ("By providing indigent capital defendants with a mandatory right to qualified legal counsel in these proceedings, Congress has recognized that federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty."). For example, where, as here, a petitioner alleges that counsel abandoned him prior to filing a habeas petition and ultimately filed a petition containing only pro forma claims, allowing the petitioner to proceed with new and adequate representation would cure the defect in the habeas proceedings resulting from counsel's abandonment. *See Clark*, 850 F.3d at 779–80.

*Edwards*'s broad holding that a Rule 60(b) motion alleging abandonment is a successive habeas petition forecloses allegations of abandonment that I believe legitimately attack a defect in the integrity of the habeas proceedings

without impermissibly attempting to "circumvent" the requirements of § 2244. *See Gonzalez*, 545 U.S. at 532. In my view, but for *Edwards*, Gamboa's Rule 60(b) motion would not be an unauthorized successive habeas petition.