# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30279

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2018

Lyle W. Cayce
Clerk

CHRIS G. GILKERS,

       Petitioner–Appellant,

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

       Respondent–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before DAVIS, HAYNES, and DUNCAN, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Chris G. Gilkers, Louisiana prisoner # 442378, appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) motion, which he filed seeking relief from the district court's judgment denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The district court determined that Gilkers's Rule 60(b) motion should be construed as a successive § 2254 petition, requiring authorization from this Court prior to filing as set forth in 28 U.S.C. § 2244(b)(3). Concluding that the district court did not err, we AFFIRM.

No. 16-30279

## I.

On May 16, 2001, Gilkers was convicted by a jury of the second degree murder of his wife and sentenced to life in prison.[1] The Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence,[2] and the Louisiana Supreme Court denied his request for a writ of certiorari.[3] After he was denied relief on direct appeal, Gilkers filed an application for postconviction relief in state district court. The state district court denied the application in an order providing reasons. Gilkers sought review of the district court's decision by filing a writ application to the Louisiana Fifth Circuit, which denied writs without providing reasons.[4] Finally, also with no explanatory opinion, the Louisiana Supreme Court denied Gilkers's writ application seeking review of the Louisiana Fifth Circuit's decision denying postconviction relief.[5]

After his efforts to obtain state habeas relief proved unsuccessful, Gilkers filed a § 2254 habeas petition in federal district court. Although the magistrate judge initially determined that Gilkers's § 2254 petition was time-barred, the district court sustained Gilkers's objection to the magistrate judge's report and recommendation and ordered that his § 2254 petition be considered on the merits. Gilkers asserted four claims in his § 2254 petition: (1) the evidence was insufficient to support his conviction for second degree murder, (2) he was denied a fair trial when the State introduced "other crimes" evidence during rebuttal without giving him proper notice, (3) his trial counsel rendered

---

[1] *See State v. Gilkers*, 01-1379, p. 3 (La. App. 5 Cir. 5/29/02); 820 So. 2d 1152, 1154.

[2] *Id.* at p. 21; 820 So. 2d at 1163.

[3] *State v. Gilkers*, 02-1947 (La. 6/6/03); 845 So. 2d 1087.

[4] *State v. Gilkers*, 03-1427 (La. App. 5 Cir. 12/15/03) (unpublished). The Louisiana Fifth Circuit's decision stated the following: "On the presentation, the application discloses no error in the trial court's ruling . . . on relator's Application for Post Conviction Relief. Accordingly, this writ application is denied." *Id.* The decision listed the names of three judges on the appellate court, but was signed by only one judge. *Id.*

[5] *State ex rel. Gilkers v. State*, 04-0217 (La. 1/14/05); 889 So. 2d 256.

ineffective assistance of counsel in numerous ways, and (4) Article 814 of the Louisiana Code of Criminal Procedure was unconstitutional because it did not include negligent homicide as a responsive verdict for second degree murder.[6]

The magistrate judge issued a thorough report addressing each of Gilkers's claims and recommended that his § 2254 petition be dismissed with prejudice. Specifically, the magistrate judge determined that Gilkers's first claim, in which he challenged the sufficiency of the evidence, should be denied as procedurally barred.[7] The magistrate judge further determined that the remainder of Gilkers's claims should be denied on the merits.[8] Although Gilkers again objected to the magistrate judge's report, the district court this time denied Gilkers's objections, adopted the magistrate judge's report, and issued a judgment denying Gilkers's § 2254 petition with prejudice.[9]

Gilkers thereafter filed a motion for a certificate of appealability ("COA"), which the district court denied. This Court also denied Gilkers's request for a COA. On October 1, 2007, the Supreme Court denied Gilkers's petition for a writ of certiorari seeking review of the denial of federal habeas relief.[10]

In May of 2007, allegations came to light that, for several years, the Louisiana Fifth Circuit had not been adequately reviewing pro se postconviction writ applications. In a letter written shortly before his suicide, the court's former Central Staff Director, Jerrold Peterson, accused the court of circumventing Louisiana's state constitutional requirement of appellate review by a three-judge panel with respect to such applications. Peterson alleged that the court had instituted a policy of submitting pro se

---

[6] *Gilkers v. Cain*, No. 05-841, 2006 WL 1985969, at *9–23 (E.D. La. May 30, 2006).

[7] *Id.* at *9–11.

[8] *Id.* at *11–23.

[9] *Id.* at *1–3.

[10] *Gilkers v. Cain*, 552 U.S. 916 (2007).

No. 16-30279

postconviction writ applications to only one judge for decision.[11] The record herein contains the minutes from an en banc meeting of the Louisiana Fifth Circuit adopting such a policy, which was in effect from February 1994, until Peterson's death in May 2007.[12]

After Peterson's allegations were made public, many affected prisoners sought relief from the Louisiana Supreme Court, arguing that their rights had been infringed by this procedure.[13] In September 2008, in an attempt to rectify matters, the Louisiana Fifth Circuit adopted an en banc resolution recommending that the Louisiana Supreme Court transfer all writ applications complaining of such inadequate review to it for consideration by a three-judge panel.[14] In *State v. Cordero*, the Louisiana Supreme Court agreed with the recommendation and transferred all such pending writ applications to the Louisiana Fifth Circuit.[15]

Gilkers's writ application complaining of inadequate review was among those transferred by the Louisiana Supreme Court in *Cordero* to the Louisiana Fifth Circuit.[16] A three-judge panel thereafter reconsidered Gilkers's pro se postconviction writ application and concluded, providing reasons, that "there was no error in [the] Court's previous ruling" denying Gilkers postconviction relief.[17] The Louisiana Supreme Court denied Gilkers's subsequent writ application seeking review of that ruling.[18]

---

[11] *See Severin v. Par. of Jefferson*, 357 F. App'x 601, 603 (5th Cir. 2009) (providing factual background).

[12] The minutes from the en banc meeting of February 8, 1994, provide: "Effective immediately, Judge Dufresne will handle all pro se writ applications and will not be included in the handling of regular writ applications. Special or unusual pro se applications will be submitted to a regular panel."

[13] *See State v. Cordero*, 2008-1717, pp. 1–2 (La. 10/3/08); 993 So. 2d 203, 204.

[14] *See id.* at p. 2; 993 So. 2d at 204–05.

[15] *Id.* at pp. 2–3; 993 So. 2d at 205–06.

[16] *Id.* at p. 10; 993 So. 2d at 210.

[17] *State v. Gilkers*, 08-927 (La. App. 5 Cir. 10/18/08) (unpublished).

[18] *State ex rel. Gilkers v. State*, 2010-0599 (La. 2/25/11); 57 So. 3d 1029.

No. 16-30279

Gilkers then returned to federal district court.  He filed another § 2254 petition reasserting the same claims presented in his original § 2254 petition. The district court transferred Gilkers's petition to this Court to determine whether he should be authorized under 28 U.S.C. § 2244(b)(3) to file a second or successive habeas petition.  Relying on *Magwood v. Patterson*,[19] Gilkers argued that his petition was not a second or successive habeas petition within the meaning of § 2244 because an intervening state court judgment (the Louisiana Fifth Circuit's decision upon reconsideration of his postconviction writ application) had been issued since the federal district court denied his first § 2254 petition.  In *Magwood*, the Supreme Court held that when a new sentence has been imposed, a second § 2254 petition challenging the new sentence is not successive under § 2244.[20]  However, because the new state court judgment in Gilkers's case did not impose a new sentence, but instead reaffirmed the denial of postconviction relief, this Court determined that Gilkers's proposed § 2254 petition was successive and denied him authorization to file it in the district court.[21]

Gilkers next filed a Rule 60(b) motion seeking relief from the district court's judgment denying his original § 2254 petition.  Relying again on *Magwood*, he argued that any prior habeas decision should be found "null and void" because the claims presented in his original § 2254 petition were not properly exhausted based on inadequate review by the state intermediate appellate court.  He asserted that the "new judgment" issued by the Louisiana Fifth Circuit upon reconsideration of his state postconviction application was the last "reasoned" state court judgment and that these circumstances warranted the reopening of his § 2254 proceeding under Rule 60(b).  The

---

[19] 561 U.S. 320 (2010).

[20] *Id.* at 342.

[21] *In re Gilkers*, No. 11-30451 (5th Cir. Aug. 31, 2011) (per curiam) (unpublished).

No. 16-30279

district court concluded that the motion was an unauthorized successive § 2254 petition, denied the motion, and denied Gilkers a COA.  A judge of this Court denied Gilkers's ensuing COA motion.[22]

Approximately three years later, Gilkers filed a second Rule 60(b) motion (at issue in this appeal), again seeking to reopen his original § 2254 proceeding. Gilkers argued that there was "a defect in the integrity of his prior federal habeas proceedings due to the series of events giving rise to *Cordero*." He asserted that he was entitled to relief under Rule 60(b)(5) because the judgment denying him § 2254 relief "[wa]s based upon" the Louisiana Fifth Circuit's initial decision which "ha[d] been vacated and reversed" as a result of *Cordero*.  Gilkers also contended that he was entitled to relief under Rule 60(b)(6) because of the "extraordinary circumstances" surrounding the *Cordero* decision.  Gilkers additionally pointed out that a judge of this Court had recently granted a COA from the denial of a Rule 60(b) motion in *Schexnayder v. Cain*, No. 13-30981 (5th Cir. July 18, 2014), in which the § 2254 petitioner also asserted arguments based on *Cordero*.

The district court noted that this Court had granted a COA in *Schexnayder* but had not yet rendered a decision.  Because this Court had previously denied Gilkers a COA with respect to his arguments based on *Cordero*, the district court determined that Gilkers's second Rule 60(b) motion should again be construed as an unauthorized successive § 2254 petition and denied.  The district court also denied a COA.

---

[22] *Gilkers v. Cain*, No. 12-30360 (5th Cir. Sept. 6, 2012) (unpublished).  The respondent has not argued that the law-of-the-case doctrine applies in this matter such that our denial of a COA with respect to Gilkers's first Rule 60(b) motion should control our decision here. Moreover, it is doubtful that the doctrine, which is discretionary in the first instance, is applicable to a one-judge order denying a COA. *See Propes v. Quarterman*, 573 F.3d 225, 228 (5th Cir. 2009) (noting that law-of-the-case principles do not apply to initial decisions of appellate jurisdiction made by a motions panel).

## No. 16-30279

Shortly after the district court denied Gilkers a COA, this Court issued its non-precedential decision in *Schexnayder*.[23] This Court determined that the petitioner's Rule 60(b) motion was a "true Rule 60(b) motion entitled to be decided" by the district court "[b]ecause the federal court ha[d] not considered constitutional claims related to the decisions of the Louisiana courts after the Louisiana Supreme Court's judgment in *State v. Cordero*."[24] This Court consequently vacated the district court's judgment and remanded the matter.[25]

Relying on *Schexnayder*, Gilkers moved this Court for a COA. A judge of this Court granted a COA "on the issue whether the district court erred by determining that Gilkers's Rule 60(b)(5),(6) motion was properly construed as an unauthorized successive § 2254 application." [26]

## II.

The district court's determination that a purported Rule 60(b) motion constitutes a successive § 2254 habeas petition is reviewed de novo.[27] Rule 60(b) allows a party to seek relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or

---

[23] 643 F. App'x 417 (5th Cir. 2016).

[24] *Id.*

[25] *Id.*

[26] *Gilkers v. Vannoy*, No. 16-30279 (5th Cir. May 11, 2017) (unpublished).

[27] *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014).

No. 16-30279

vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[28]

Under Rule 12 of the Rules Governing § 2254 cases, however, Rule 60(b), like the rest of the Federal Rules of Civil Procedure, may be applied only "to the extent that [it is] not inconsistent with any statutory provisions or [the] rules [governing § 2254 cases]."[29]

## A.

In *Gonzalez v. Crosby*,[30] the Supreme Court addressed the interplay between Rule 60(b) and the statutory provisions applicable to § 2254 proceedings. As explained by the Court, Rule 60(b) motions are subject to additional restrictions that apply to second or successive § 2254 petitions under the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2244(b).[31] Specifically, § 2244(b) imposes three requirements on second or successive § 2254 petitions. First, under § 2244(b)(1), "any claim that has already been adjudicated in a previous petition must be dismissed."[32] Second, under § 2244(b)(2), "any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence."[33] Third, under § 2244(b)(3), "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."[34]

---

[28] FED. R. CIV. P. 60(b)(1)–(6).
[29] RULES GOVERNING § 2254 CASES, Rule 12, 28 U.S.C.A. foll. § 2254.
[30] 545 U.S. 524 (2005).
[31] *Id.* at 529–34.
[32] *Id.* at 529–30.
[33] *Id.* at 530.
[34] *Id.*

8

No. 16-30279

To ensure that habeas petitioners do not circumvent these statutory requirements by filing Rule 60(b) motions that are the functional equivalent of unauthorized successive § 2254 petitions, the Supreme Court set forth several guidelines in *Gonzalez* for determining the circumstances under which a district court may properly consider a Rule 60(b) motion in a § 2254 habeas proceeding.[35] The Court instructed that when a Rule 60(b) motion "seeks to add a new ground for relief," it is equivalent to a successive § 2254 petition.[36] A Rule 60(b) motion also amounts to a successive § 2254 petition "if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."[37] The Court explained that what it meant by "on the merits" was "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)."[38]

The Court additionally instructed that, in contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the district court may properly consider the motion as a Rule 60(b)

---

[35] *Id.* at 532–33.

[36] *Id.* at 532.

[37] *Id.* (footnote omitted).

[38] *Id.* at 532 n.4. Section 2254(a) provides: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254(d) prohibits the granting of habeas relief "with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim" was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

motion.[39] The Court specified that "[f]raud on the federal habeas court [was] one example of such a defect."[40] Additionally, "when [the movant] merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial of such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," then the district court may properly consider the Rule 60(b) motion.[41]

Distilling the guidelines set forth in *Gonzalez*, we conclude that there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding:  (1) the motion attacks a "defect in the integrity of the federal habeas proceeding," or (2) the motion attacks a procedural ruling which precluded a merits determination.  If the purported Rule 60(b) motion satisfies one of these circumstances, the district court may then properly consider the motion under Rule 60(b) and determine whether it has merit under the specific subsection of Rule 60(b) invoked by the movant.[42]

In his purported Rule 60(b) motion, Gilkers asserted that there was "a defect in the integrity of his prior federal habeas proceeding due to the series of events giving rise to *Cordero*."[43] On appeal, Gilkers reasserts that there was a defect in the integrity of the federal proceeding because the district court "afforded the required deference to defective state court judgments."  He

---

[39] *Gonzalez*, 545 U.S. at 532.

[40] *Id.* at 532 n.5.

[41] *Id.* at 532 n.4.

[42] As reflected in *Gonzalez*, the Court first determined that the motion could be considered under Rule 60(b) because it attacked a procedural ruling which precluded a merits determination and then addressed the merits of the motion under subsection 6 of Rule 60(b), which was the only subsection invoked by the movant.  *Id.* at 536–37.

[43] In his motion, Gilkers conflated the *Gonzalez* inquiry with the merits of a Rule 60(b) motion.  Specifically, Gilkers asserted that the district court's judgment denying his § 2254 petition was "defective," warranting relief under Rule 60(b)(5), because that judgment was "based upon state court judgments that have [effectively] been vacated or reversed" by *Cordero*.  Gilkers was first required to meet the *Gonzalez* inquiry before the merits of his motion could be considered under Rule 60(b).

contends that the district court's judgment denying him § 2254 relief "was the end product or result of the defective practices utilized by the Louisiana Fifth Circuit." As described below, however, while Gilkers's arguments based on *Cordero* demonstrate a defect in the integrity of his state postconviction proceedings, they do not demonstrate such a defect with respect to his § 2254 proceeding. Specifically, under proper AEDPA deference, the Louisiana Fifth Circuit's initial decision denying Gilkers postconviction relief had no impact on the district court's judgment denying Gilkers § 2254 relief and, thus, did not compromise the integrity of his federal habeas proceeding.

The Supreme Court recently explained in its decision in *Wilson v. Sellers* that applying the AEDPA deferential standard found in § 2254(d) "requires the federal habeas court to 'train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims,' and to give appropriate deference to that decision."[44] When the relevant state court decision on the merits does not provide reasons, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale."[45] The federal habeas court "should then presume that the unexplained decision adopted the same reasoning."[46]

The magistrate judge and district court properly applied this approach when reviewing Gilkers's § 2254 claims. Specifically, as to Gilkers's first claim of insufficiency of the evidence, the magistrate judge "looked through" the unexplained decisions of the Louisiana Supreme Court and Louisiana Fifth Circuit to the state trial court's decision denying Gilkers's postconviction application.[47] The state trial court determined that the claim was in

---

[44] 138 S. Ct. 1188, 1191–92 (2018) (citations omitted).
[45] *Id.* at 1192.
[46] *Id.*
[47] *Gilkers*, 2006 WL 1985969, at *9.

procedural default under Article 930.4(c) of the Louisiana Code of Criminal Procedure because Gilkers could have raised the claim on direct appeal, but did not.[48]  The magistrate judge and district court furthermore determined that Article 930.4(c) was an independent and adequate state procedural bar and that Gilkers was unable to overcome it.[49]

As to Gilkers's second claim, that he was denied a fair trial when the State introduced "other crimes" evidence during rebuttal without giving him proper notice, the magistrate judge again "looked through" the unexplained decisions of the Louisiana Supreme Court and Louisiana Fifth Circuit to the state trial court's decision denying Gilkers's postconviction application.  The magistrate judge noted that the state trial court had refused to consider this postconviction claim as repetitive of matters considered by the Louisiana Fifth Circuit on direct appeal.[50]  The magistrate judge then proceeded to "look through" the state trial court's decision denying postconviction relief to the Louisiana Fifth Circuit's decision affirming Gilkers's conviction on direct appeal.[51]  The magistrate judge and district court determined that Gilkers's claim was "without merit" and that "[t]he denial of relief on this claim was not contrary to or involved an unreasonable application of Supreme Court precedent."[52]

As to Gilkers's third claim of ineffective assistance of counsel, the magistrate judge again "looked through" the unexplained decisions of the Louisiana Supreme Court and Louisiana Fifth Circuit to the state trial court's decision denying postconviction relief.[53]  The state trial court held that the

---

[48] *Id.*
[49] *Id.* at *2, *9–11.
[50] *Id.* at *12.
[51] *Id.*
[52] *Id.* at *15.
[53] *Id.* at *16.

complained of acts were "discretionary trial tactics."[54]  The magistrate judge, after thoroughly examining the trial transcript, and the district court determined that Gilkers's ineffective assistance claims were without merit and that the denial of relief was not contrary to or involved an unreasonable application of the Supreme Court's precedent in *Strickland v. Washington*, 466 U.S. 668 (1984).[55]

As to Gilkers's final claim, that Article 814 of the Louisiana Code of Criminal Procedure is unconstitutional because it does not include negligent homicide as a responsive verdict for second degree murder, the magistrate judge noted that the state trial court also refused to consider this claim on postconviction review because it had already been addressed by the Louisiana Fifth Circuit on direct appeal.[56]  The magistrate judge again "looked through" the state trial court's decision to the Louisiana Fifth Circuit's decision on direct appeal.[57]  After examining the trial transcript, the magistrate judge and district court determined that Gilkers was not denied a fair trial and that the denial of postconviction relief on this issue was not contrary to or an unreasonable application of Supreme Court precedent.[58]

The magistrate judge and district court's analysis of Gilkers's § 2254 claims was consistent with the approach recently espoused by the Supreme Court in *Wilson*.  The analysis shows that the outcome of the proper application of the AEDPA deferential standard set forth in § 2254(d) was that the Louisiana Fifth Circuit's initial decision denying postconviction relief, which was the decision at issue in *Cordero*, had no impact on the district court's decision denying Gilkers § 2254 relief.  Therefore, Gilkers's argument that the

---

[54] *Id.*

[55] *Id.* at *17–21.

[56] *Id.* at *21.

[57] *Id.*

[58] *Id.* at *21–23.

*Cordero* issue compromised the integrity of his § 2254 proceeding is without merit, and the district court properly refused to consider Gilkers's motion under Rule 60(b).[59]

Furthermore, Gilkers's motion is fundamentally substantive.  Gilkers asserts that the district court's judgment denying § 2254 relief should be set aside, and his claims reviewed again, essentially because of the infirmities in his state court habeas proceedings.  We specifically held in our decision in *In re Gentras*[60] that the circumstances leading to the *Cordero* decision do not constitute grounds for relief under § 2254.  We have also refused to stay habeas proceedings pending the outcome of the Louisiana Fifth Circuit's re-review of state postconviction applications affected by *Cordero*.[61]  We rule consistent with this precedent that Gilkers's motion based on *Cordero* could not be properly considered under Rule 60(b) and instead was properly construed as an unauthorized successive § 2254 petition.

Finally, even if Gilkers's motion satisfied the guidelines set forth in *Gonzalez* for proper consideration as a Rule 60(b) motion, Gilkers would not be entitled to any relief under either Rule 60(b)(5) or Rule 60(b)(6).  Because, as detailed above, the district court's judgment was not "based on" the Louisiana Fifth Circuit's initial decision denying Gilkers postconviction relief, Rule 60(b)(5) is inapplicable.  Although this Court cannot deny that the circumstances leading to *Cordero* were unusual, Gilkers cannot show that

---

[59] We respectfully decline to follow the bare holding of this Court's unpublished, one-paragraph decision in *Schexnayder*.  That case provided no description of the underlying facts or procedural posture and no analysis under *Gonzalez*, perhaps because the State conceded during oral argument that the motion at issue in that case was properly construed as a Rule 60(b) motion.  The State does not so concede in this matter and, in any event, we conclude that, in this case, Gilkers's motion is not a "true" Rule 60(b) motion.

[60] 666 F.3d 910, 911 (5th Cir. 2012) ("Infirmities in state postconviction proceedings are not grounds for relief under § 2254.").

[61] *Evans v. Cain*, 577 F.3d 620, 623–24 (5th Cir. 2009).

these circumstances were "extraordinary"[62] under Rule 60(b)(6) to justify the reopening of the district court's judgment denying him § 2254 relief. We note that when the Louisiana Fifth Circuit reconsidered Gilkers's postconviction writ application pursuant to *Cordero*, it determined that there was no error in its prior ruling and that Gilkers was not entitled to any relief. Moreover, although the Louisiana Fifth Circuit provided reasons for its denial of postconviction relief upon reconsideration, Gilkers does not argue, and cannot show, that any of those reasons would have changed the district court's decision denying Gilkers's § 2254 claims.[63]

Based on the foregoing, the district court's judgment denying Gilkers's Rule 60(b) motion is AFFIRMED.

---

[62] *See Gonzalez*, 545 U.S. at 535–36.

[63] Moreover, the Louisiana Fifth Circuit's decision upon reconsideration simply provided more reasons to which the district court could defer for *denying* Gilkers federal habeas relief. As stated above, Gilkers's motion in the end seeks another review of the merits of his § 2254 claims, but this time having the district court "look through" to the Louisiana Fifth Circuit's decision upon reconsideration of his state postconviction application. Under *Gonzalez*, such motion is equivalent to a successive § 2254 petition requiring authorization from this Court.

No. 16-30279

STUART KYLE DUNCAN, Circuit Judge, concurring in part and concurring in the judgment:

I respectfully concur in Judge Davis's well-reasoned opinion, but only to the extent it concludes that Gilkers's purported Rule 60(b) motion does not actually attack a "defect in the integrity of [his] federal habeas proceedings," *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), and is thus subject to the limits on successive habeas petitions. *Id.* at 529-30; 28 U.S.C. § 2244(b)(1)-(3). I would stop there because that holding is enough to affirm the district court. *See, e.g., United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (limiting decision to "only analyz[ing] this particular Rule 60(b) motion" under *Gonzalez*). I write separately to express my view that the majority holding does not foreclose a genuine Rule 60(b) motion in a case presenting a different procedural posture from this one.

This case arises from a breakdown in Louisiana's post-conviction process. As the majority recounts, for over a decade (from February 1994 to May 2007) the Louisiana Fifth Circuit evidently followed a policy of submitting *pro se* post-conviction applications to one judge, violating a state constitutional provision requiring appeals to be decided by "panels of at least three judges." LA. CONST. art. V, § 8(A), (B); *see generally Severin v. Parish of Jefferson*, 357 F. App'x 601, 603 (5th Cir. 2009); *State v. Cordero*, 2008-1717 (La. 10/3/08), 993 So.2d 203 (providing background). When this systemic flaw came to light, the Louisiana Supreme Court adopted the circuit's unanimous resolution to remand "several hundred [post-conviction] applications" for random allotment to three-judge panels, in accordance with "internal procedures designed to promote completely independent review" of the affected cases. *Cordero*, 993 So.2d at 204, 205; *see also id.* at 206 (resolution providing panels be drawn from judges "who incidentally have had no hand in the process by which this court earlier handled these multiple applicants' earlier writs in this court").

16

No. 16-30279

Gilkers's application was among those remanded to the circuit for "completely independent review" in 2008. *Id.* at 210. By that time, however, a federal district court had already denied Gilkers's habeas petition two years earlier in 2006. It had done so by "looking through" to the last state decision giving reasons for denying Gilkers's claims—namely, the state trial court. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (requiring federal habeas court to "'look through' the unexplained decision to the last related state-court decision that … provide[s] a relevant rationale" for denying claims). The federal court would not have deferred to the state circuit decision because the first time around—*i.e.*, when review was by an inadequate one-judge panel—that "court" gave no reasons. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). But on re-review following the 2008 remand, the three-judge panel did give reasons, albeit ones that tracked the state trial court's original decision denying Gilkers's application.

Given this procedural morass, Gilkers's Rule 60(b) motion makes some sense: he wants his 2006 federal habeas judgment re-opened because one of its predicate state decisions has since undergone "completely independent review" by a state court, *Cordero*, 993 So.2d at 205, and has now been replaced with a new decision. *See* FED. R. CIV. P. 60(b)(5) (permitting court to relieve a party from a final judgment because "the judgment … is based on an earlier judgment that has been reversed or vacated"). Despite that surface attractiveness, however, I agree with the majority that Gilkers's motion should be treated as a successive habeas petition.

While recognizing that "Rule 60(b) has an unquestionably valid role to play in habeas cases," *Gonzalez*, 545 U.S. at 534, the Supreme Court has instructed lower courts to rigorously separate genuine Rule 60(b) motions from disguised successive habeas applications. As our court has explained, "[i]f … the motion challenges 'not the substance of the federal court's resolution of a

17

claim on the merits, but some defect in the integrity of the federal habeas proceedings,' then a Rule 60(b) motion is proper." *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 532).[1] Applying that standard, I focus (as the majority does) on two key procedural facts: (1) Gilkers's 2006 federal habeas decision did not defer to the flawed state circuit decision but instead to the state trial court decision; and (2) on re-review, the properly constituted state circuit panel did not give any new reasons casting doubt on the previous resolution of Gilkers's habeas claims. In light of that, it is plausible to conclude that Gilkers's motion does not *actually* attack a "defect in the integrity of [his] federal habeas proceedings," *id.*, because the defect he identifies did not infiltrate the disposition of his federal habeas petition. *See, e.g., Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (a motion may be considered a successive habeas petition even if "the motion itself does not attack the district court's substantive analysis of [the habeas] claims, but, instead, purports to raise a defect in the integrity of the habeas proceedings"). Thus, his motion is "in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531.[2]

---

[1] *See also, e.g., Clark v. Davis*, 850 F.3d 770, 779-80 (5th Cir.), *cert. denied*, 138 S. Ct. 358 (2017) ("To the extent that [petitioner's] Rule 60(b)(6) motion attacks not the substance of the federal court's resolution of the claim on the merits, but asserts that [his attorney] had a conflict of interest that resulted in a defect in the integrity of the proceedings, the motion is not an impermissible successive petition."); *and see generally* RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE, 7th Edition, § 34.3, at 2089 (observing *Gonzalez* "adopt[ed] the more moderate position that the classification [as a successive habeas petition] may or may not apply depending on the type of relief that the Rule 60(b) motion seeks").

[2] I understand that to be the majority's holding and I concur in it. I respectfully decline, however, to join the majority's discussion of whether Gilkers's motion is "fundamentally substantive." Asking whether a motion is procedural or substantive simply restates the *Gonzalez* inquiry—which, as our court has explained, distinguishes genuine from sham Rule 60(b) motions "along the lines of substance and procedure." *Coleman*, 768 F.3d at 371. In its discussion, the majority also points out that our court has recognized that "the circumstances leading to the *Cordero* decision do not constitute grounds for relief under § 2254." *See In re Gentras*, 666 F.3d 910, 911 (5th Cir. 2009). That is true, but the grounds

No. 16-30279

A different question would be presented, in my view, if a prisoner's federal habeas court actually deferred to a state decision that was subsequently vacated and replaced with a substantively different decision. A Rule 60(b) motion premised on that scenario may well qualify as an "attack[ ] … [on] some defect in the integrity of the *federal* habeas proceedings" themselves, *id.* at 532 (emphasis added), and not merely on a flaw confined to the state proceedings. After all, deference to state court adjudication is in AEDPA's DNA: "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). The Supreme Court has not exhaustively defined what it meant by a "defect in the integrity of the federal habeas proceedings"—it only identified "fraud on the federal habeas court [a]s *one example* of such a defect." *Gonzalez*, 545 U.S. at 532 & n.5 (emphasis added). It hardly seems a stretch to conclude that the integrity of a federal proceeding would *also* be compromised if a federal habeas court actually deferred to state court decision that turned out to be a sham. I do not read the majority opinion as attempting to answer this different question, which in any event is not presented in Gilkers's case.

I respectfully concur.

---

for re-opening a habeas judgment under Rule 60(b) are distinct from the grounds for relief under § 2254. *See, e.g., Gonzalez*, 545 U.S. at 534 (explaining that "Rule 60(b) motions in § 2254 cases" that are confined "to a nonmerits aspect of the first federal habeas proceeding" are not "inconsistent with AEDPA") (internal quotation marks omitted). The fact that one may have valid grounds for reopening a habeas judgment means only that the federal court must reconsider the merits, not that the petitioner will win on the merits.