# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2020

Lyle W. Cayce
Clerk

No. 18-70030

Robert Gene Will, II,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, Director, Texas Department of
Criminal Justice, Correctional Institutions Division,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1000

Before Owen, *Chief Judge*, and Willett and Ho, *Circuit Judges*.

Don R. Willett, *Circuit Judge*:

Robert Gene Will II was sentenced to death by a Texas jury for the murder of Harris County Sheriff's Deputy Barrett Hill. After a failed direct appeal and state habeas petition, Will pursued federal habeas relief. His claims for ineffective assistance of counsel and inherent trial prejudice were denied—the former as procedurally defaulted and the latter on the merits. Will attempted to contest the procedural-default holding through a Rule 60(b) motion, but the district court concluded that it lacked jurisdiction

No. 18-70030

because the motion constituted a successive habeas petition. We agree that Will's Rule 60(b) motion was a successive habeas petition, and we affirm the district court. We also affirm the denial of Will's inherent-prejudice claim, resting heavily on the arduous standard of review in the Anti-Terrorism and Effective Death Penalty Act.

I

Will was found guilty of capital murder in Texas state court and sentenced to death.[1] Will appealed directly to the Texas Court of Criminal Appeals, arguing that the presence of uniformed officers in the courtroom impermissibly prejudiced the jury, but the court disagreed.[2] Will then filed a state habeas petition with the same court;[3] it was also rejected.[4]

Will then filed a federal habeas petition arguing ineffective assistance of trial counsel and impermissible trial prejudice.[5] Only the trial-prejudice contention was presented in the prior state habeas proceeding. The district

---

[1] For full treatment of Will's previous proceedings, see *Will v. Thaler*, No. H-07-CV-1000, 2010 WL 2179680, at *1–6 (S.D. Tex. May 25, 2010).

[2] *Will v. State*, No. 74,306, 2004 WL 3093238, at *4 (Tex. Crim. App. April 21, 2004) (unpublished).

[3] We note that Will's state habeas counsel had Parkinson's disease at the time he filed this petition. A reviewing doctor testified that "it is probable that [counsel] was mentally impaired by the affects [] of Parkinson's disease to the degree that it made him unfit to serve in the capacity as habeas counsel for a capital appeal."

[4] *Ex parte Will*, No. 63,590-01, 2006 WL 832456, at *1 (Tex. Crim. App. March 29, 2006) (per curiam) (unpublished).

[5] When Will filed his original federal habeas petition, he also filed a motion to stay the state proceedings, which the district court granted. So Will returned to state court, and the CCA denied his revived state habeas petition as an abuse of the writ. After this final state dismissal, Will returned to federal court with an amended habeas petition, raising these claims. Will also raised an actual-innocence claim but does not pursue this claim in this appeal.

court denied Will's petition because (1) the IATC claim was procedurally defaulted and failed on its merits regardless, and (2) the state court did not err in denying the trial-prejudice claim on the merits.[6]

Will filed a Rule 59 motion for a new trial and to alter the district court's judgment; this motion was denied. So he filed a Rule 60(b) motion for relief from the district court's judgment. The motion focused on the ineffective assistance of both his trial counsel and state habeas counsel, urging that the latter should excuse the procedural default ruling on his IATC habeas claim. The district court found that Will's Rule 60(b) motion was a successive habeas petition and dismissed it for lack of jurisdiction.[7] Will appealed this dismissal to us.[8] But, before we could rule, the Supreme Court decided *Martinez v. Ryan*, holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."[9] So we remanded Will's appeal to the district court for (1) reconsideration of the Rule 60(b) motion dismissal in light of this new precedent, and (2) clarification on whether a certificate of appealability should issue on Will's claims.

The district court again denied Will's Rule 60(b) motion, reasoning that, regardless of *Martinez*, it "is a successive habeas petition which the

---

[6] *Will*, 2010 WL 2179680, at *14–24.

[7] *Will v. Thaler*, No. CIV.A. H-07-1000, 2012 WL 948409, at *2 (S.D. Tex. Mar. 19, 2012), *order clarified sub nom. Will v. Davis*, No. H-07-CV-1000, 2018 WL 4621170 (S.D. Tex. Sept. 26, 2018).

[8] *Will v. Davis*, No. H-07-CV-1000, 2018 WL 4621170, at *1 (S.D. Tex. Sept. 26, 2018).

[9] 566 U.S. 1, 9 (2012). A year later *Trevino v. Thaler* came down, applying the *Martinez* rule to cases from Texas state courts. 569 U.S. 413, 417 (2013).

[c]ourt has no jurisdiction to consider under [AEDPA]."[10] But it also granted Will a COA on two issues: his dismissed Rule 60(b) motion and his denied trial-prejudice claim.[11] Will pursues these claims now, arguing that (1) the Rule 60(b) motion is not an impermissible successive habeas petition because it only attacked the "integrity of the [underlying] federal habeas proceeding," and (2) he should be granted habeas relief from the adverse trial-prejudice ruling because the CCA misapplied clearly established federal law or its holding was based on unreasonable factual determinations.

## II

We review de novo "[t]he district court's determination that a purported Rule 60(b) motion constitutes a successive § 2254 habeas petition."[12] But our review of the CCA's trial-prejudice decision is narrow: we only consider whether the decision was "contrary to, or an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[13]

## III

### A

Will proceeds under our statutorily prescribed and exactingly applied habeas framework. Normally, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under" extraordinary

---

[10] *Will*, 2018 WL 4621170, at *1.

[11] *Id*. at *3.

[12] *Gilkers v. Vannoy*, 904 F.3d 336, 342 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1192 (2019).

[13] 28 U.S.C. § 2254(d).

circumstances.[14] But in the habeas context, Will's Rule 60(b) motion runs headlong into AEDPA's restriction on successive habeas applications. Why? Because we—the federal judiciary—are concerned that petitioners will use Rule 60(b) motions to subvert the statutory framework and get an impermissible second look at their denied habeas claims.[15] So, we must ask, was Will's Rule 60(b) motion actually an impermissible successive habeas petition in disguise? The answer: yes, *if* his Rule 60(b) motion contains one or more previously presented habeas claims.[16]

A habeas claim "is an asserted federal basis for relief from a state court's judgment of conviction."[17] "In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple": the motion advances a claim "if it attacks the federal court's previous resolution of a claim *on the merits*."[18] But, as we said in *Gilkers*, "there are

---

[14] *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

[15] *Gilkers*, 904 F.3d at 343 ("To ensure that habeas petitioners do not circumvent these statutory requirements by filing Rule 60(b) motions that are the functional equivalent of unauthorized successive § 2254 petitions, the Supreme Court set forth several guidelines . . . for determining the circumstances under which a district court may properly consider a Rule 60(b) motion in a § 2254 habeas proceeding."); *Gonzalez*, 545 U.S. at 532 ("[A]lleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."); *see also Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (stating that AEDPA serves as a "gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction").

[16] *Gonzalez*, 545 U.S. at 530 (stating that § 2254's successive petition bar only applies to a petitioner's Rule 60(b) motion if it is an "application for habeas relief"; a motion applies for habeas relief if it "contains one or more 'claims' " (citations omitted)); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010) ("AEDPA instructs us to dismiss any claim presented in a second or successive petition if a petitioner presented the claim in a previous application." (citation omitted)).

[17] *Gonzalez*, 545 U.S. at 531.

[18] *Id*. at 532 (second emphasis in original).

two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding' or (2) the motion attacks a procedural ruling that precluded a merits determination."[19] "If the purported Rule 60(b) motion satisfies one of these circumstances," the motion does not present a habeas claim, and "the district court may then properly consider [it] under Rule 60(b)."[20]

Will's Rule 60(b) motion requested relief from the district court's initial holding that his IATC claim was procedurally defaulted. The district court denied Will's motion: "Will's 60(b) Motion is a successive habeas petition which the [c]ourt has no jurisdiction to consider under AEDPA."[21] Notably, in its first order finding Will's IATC claim procedurally defaulted—the order that Will's Rule 60(b) motion attacks—the district court also addressed Will's IATC claim in the alternative, concluding in four pages of analysis that the claim failed.[22]

---

[19] 904 F.3d at 344.

[20] *Id.* (citation omitted).

[21] *Will*, 2018 WL 4621170, at *1–3.

[22] *Will*, 2010 WL 2179680, at *18 ("Even if this Court could consider the substance of Will's ineffective-assistance claim, he has not shown *Strickland* prejudice. The Court alternatively denies his *Strickland* claim on the merits."); *Will*, 2018 WL 4621170 ("[T]he Court alternatively ruled on the merits of the claims in Will's federal petition."). To clarify, there are two district court orders creating the present issue. First, the initial order rejecting Will's IATC claim as procedurally barred and, in the alternative, rejecting it on the merits. *Id.* at *14–18. Second, the final order reconsidering Will's Rule 60(b) motion (that challenged the initial order) and finding no jurisdiction over it. *Will*, 2018 WL 4621170, at *1. Will directly challenges this final order on appeal. But our analysis requires consideration of the initial order to determine whether the final order's holding—no jurisdiction over the Rule 60(b) motion challenging the initial order—was correct.

On appeal, Will argues that his Rule 60(b) motion's "attack on the district court's decisionmaking process was procedural, [and] his [] motion is [therefore] not a successive petition." The State disagrees: Will's motion impermissibly attacked "the federal court's previous resolution of a claim on the merits" no matter how you frame it.

Will's briefing predominantly tracks *Gonzalez*'s "defect in integrity" prong: Because of the erroneous procedural-default ruling, he argues, the court only briefly addressed the merits of Will's IATC claim instead of giving it full substantive treatment. This argument is unavailing.[23] Instead we consider the closer question of whether Will's motion attacks a procedural ruling that precluded a merits determination.[24] Here, the district court disposed of Will's IATC claim on procedural-default grounds, a procedural ruling; but it also reasoned, in the alternative, that Will's IATC claim failed on the merits.[25]

The crux of our inquiry is simple—is a merits analysis *in the alternative* a merits *determination*? If so, the district court's procedural disposition did not preclude a merits determination and, in turn, Will's Rule 60(b) motion presents a habeas claim. Because we hold that a robust merits analysis in the alternative is a merits determination, the court's procedural disposition did not "preclude[] a merits determination."[26] Therefore, Will's Rule 60(b)

---

[23] As the merits analysis was four pages long and analytically robust, Will's contention is a non-starter. *See, e.g.*, *Will*, 2010 WL 2179680, at *14–18

[24] *Gilkers*, 904 F.3d at 344. Though Will did not focus on this argument, his comprehensive briefing presented this contention, and we review it. With multiple pages of development, record cites, and case examples, the briefing was not so cursory that Will forfeited the argument. *See Claimant ID 100217021 v. BP Expl. & Prod., Inc.*, 693 F. App'x 272, 276 n.4 (5th Cir. 2017) (citing *Cinel v. Connick*, 15 F.3d 1338, 1342–45 (5th Cir. 1994)).

[25] *Will*, 2010 WL 2179680, at *14–18.

[26] *See Gilkers*, 904 F.3d at 344.

motion—attacking a procedural ruling paired with a merits determination in the alternative—is a successive habeas petition that we lack jurisdiction to consider.

Consider *Gonzalez*. In that seminal case, Justice Scalia reasoned that a motion only presents a habeas claim if, among other things, the motion "attacks the federal court's previous resolution of a claim *on the merits*."[27] "[O]n the merits" means "a *determination* that there exist or do not exist grounds entitling a petitioner to habeas corpus relief."[28] And a merits analysis in the alternative makes this substantive *determination*, even if such determination was not the basis for the court's holding.[29] So, when a court order analyzes whether "there exist or do not exist grounds entitling a petitioner" to habeas relief—in other words, makes a merits determination—a Rule 60(b) motion contesting this order (even on procedural grounds) necessarily presents a successive habeas claim.[30] After all, if petitioner succeeds on his procedural claim, the court's merits determination in the alternative will control.[31]

Here, the district court found Will's claim procedurally barred. But it went on to analyze Will's substantive contentions, "alternatively den[ying]

---

[27] 545 U.S. at 532 (emphasis in original).

[28] *Id*. at 531–32 n.4 (emphasis added).

[29] *Id*.

[30] *Id*.

[31] *See, e.g.*, *Gallegos-Hernandez v. United States*, 688 F.3d 190, 196 (5th Cir. 2012) (analyzing a district court's alternative holding after it overruled its primary holding); *United States v. Minjarez*, 540 F. App'x 349, 350 (5th Cir. 2013) (unpublished) (affirming a district court based on its alternative holding); *Giles v. City of Dallas*, 539 F. App'x 537, 542 (5th Cir. 2013) (unpublished) (same).

his *Strickland* claim on the merits."[32] Will filed a Rule 60(b) motion for relief from this judgment, urging that the procedural-bar ruling was erroneous. Let's assume Will's motion is granted—what happens next? The district court's alternative determination will preclude any habeas relief on the merits.[33] In turn, because the court made a substantive habeas ruling in the alternative, it cannot be said that Will's Rule 60(b) motion is "merely assert[ing] that a previous ruling . . . precluded a merits determination."[34] The court's merits determination was not precluded; it was merely layered below a procedural disposition. Therefore, when a court order disposes of a habeas claim on procedural and, in the alternative, substantive grounds, a Rule 60(b) motion contesting this order inherently presents a successive habeas petition.

This conclusion finds support in *Gonzalez*'s underpinnings. As we've discussed, the *Gonzalez* Court was concerned with preventing habeas petitioners from using Rule 60(b) motions to circumvent AEDPA's "successive-petition bar."[35] And our ruling today respects the Court's expressed concern, recently re-expressed in *Bannister v. Davis*: "A Rule 60(b) motion . . . threatens serial habeas litigation; indeed, without rules suppressing abuse, a prisoner could bring such a motion endlessly."[36] Moreover, giving due weight to a district court's alternative reasoning on the

---

[32] *Will*, 2010 WL 2179680, at *18.

[33] *Gonzalez*, 545 U.S. at 532; *see also supra* note 31.

[34] *Id.*

[35] *Id.*

[36] 140 S. Ct. 1968, 1710 (2020).

merits tracks this circuit's "rule that alternative holdings are binding precedent and not obiter dictum."[37]

In sum, Will's Rule 60(b) motion—facially challenging a procedural ruling and implicitly challenging a merits determination—presents a habeas claim.[38] Accordingly, we affirm the district court's holding that "Will's 60(b) Motion is a successive habeas petition which the Court has no jurisdiction to consider under AEDPA."[39]

## B

Will next contends the CCA's holding that "the mere presence of uniformed officers in the courtroom [did not] create[] an atmosphere that 'inherently lacked due process'" was in error; therefore, he insists, this habeas claim should have been granted.[40] Because the CCA rejected Will's inherent-prejudice claim on the merits, its holding is subject to AEDPA's

---

[37] *Texas v. United States*, 809 F.3d 134, 178 (5th Cir.), *as revised* (Nov. 25, 2015) (internal quotations omitted).

[38] Will's Rule 60(b) motion also argues that the district court's proceeding was defective because it made its IAC determination "with the benefit of too little evidence" and therefore his motion presenting such evidence isn't successive. But these substantive contentions are squarely successive, and improper, under our precedent. *In re Coleman*, 768 F.3d 367, 371–72 (5th Cir. 2014) (finding that petitioner's Rule 60(b) motion, requesting relief because her counsel did not present certain evidence, was barred as a successive habeas petition). We have no jurisdiction over this contention and only consider Will's Rule 60(b) motion to the extent it attacks an allegedly erroneous procedural ruling that precluded a merits determination. *Cf. id.* at 373. However, on remand, the district court may consider (and rectify) whether, if at all, an erroneous procedural ruling truncated the necessary discovery.

[39] This outcome is predicated on the comprehensive nature of the district court's substantive habeas determination in the alternative. *Will*, 2010 WL 2179680, at *14–18. Our holding today may not apply with equal force in similar future cases if the district court's analysis in the alternative is unduly cursory.

[40] *Will*, 2004 WL 3093238, at *4 (cleaned up).

relitigation bar.[41] Attempting to hurdle this bar, Will urges the state court's decision was an unreasonable application of clearly established Supreme Court precedent—namely *Holbrook v. Flynn*, 475 U.S. 560 (1986)—and was "based on an unreasonable determination of the facts." We disagree on both fronts.

A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but "applies it unreasonably to the facts of a particular prisoner's case."[42] But the Supreme Court has only clearly established precedent if it has "broken sufficient legal ground to establish an asked-for constitutional principle."[43] To Will, 12–18 uniformed officers seated in the courtroom gallery near the jury inherently prejudiced him in violation of *Flynn*, and the CCA's decision otherwise was an unreasonable application of this clearly established precedent.

---

[41] § 2254(d).

[42] *Williams v. Taylor*, 529 U.S. 362, 407–08 (2000); *see also Harrington v. Richter*, 562 U.S. 86, 102 (2011) (stating that relitigation is only permitted "where there is no possibility fair[-]minded jurists could disagree that the state court's decision conflicts with [Supreme] Court[] precedent[].").

[43] *Taylor*, 529 U.S. at 380–82 ("[T]he lower federal courts cannot themselves establish such a principle."); *see, e.g.*, *Pierre v. Vannoy*, 891 F.3d 224, 228 (5th Cir.), *as revised* (June 7, 2018), *cert. denied*, 139 S. Ct. 379 (2018) ("Without a Supreme Court case holding that the State's unknowing use of false testimony violates the Due Process Clause, Pierre cannot show that the Louisiana Supreme Court unreasonably applied clearly established federal law as determined by the Supreme Court of the United States."); *Woodward v. Epps*, 580 F.3d 318, 332 (5th Cir. 2009) ("Given the lack of a clear Supreme Court holding that a defendant is entitled to independent psychiatric assistance and the different circuit interpretations of *Ake* on this point, the decision of the Mississippi Supreme Court was not 'contrary to' or an 'unreasonable application of' clearly established federal law.").

No. 18-70030

Will's argument is well made, but not well taken. Neither *Flynn*, nor any other Supreme Court precedent, clearly establishes when uniformed, off-duty officers in the courtroom gallery generate inherent prejudice.[44] Because this necessary predicate is not met, Will's argument is a non-starter under our deferential standard of review.[45]

Next, Will admonishes that habeas relief is separately warranted because the state court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[46] Will trains his sights on the CCA's "erroneous" finding that Will's case is distinguishable from *Woods v. Dugger*,[47] "because, among other

---

[44] *Flynn*, 475 U.S. at 572; *Jones v. Davis*, 890 F.3d 559, 568 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 795 (2019) (finding that off-duty uniformed police officers in the gallery present "neither clearly private nor clearly state action" and noting that the Supreme Court has never considered *Flynn*'s applicability to these quasi-state spectators); *Carey v. Musladin*, 549 U.S. 70, 76 (2006) ("In contrast to state-sponsored courtroom practices, the effect on a defendant's fair-trial rights of [private spectator conduct] is an open question in our jurisprudence. This Court has never addressed a claim that such private-actor courtroom conduct was so inherently prejudicial that it deprived a defendant of a fair trial.").

[45] Put simply, the Supreme Court has hindered Will's claim by not affirmatively "establish[ing]" the "asked-for constitutional principle." *Taylor*, 529 U.S. at 380–82; *Carey*, 549 U.S. at 76 ("Given the lack of holdings from this Court regarding the potentially prejudicial effect of [private] spectators' courtroom conduct . . . , it cannot be said that the state court 'unreasonably applied clearly established Federal law.'" (cleaned up)). In *Jones*, we acknowledged the lack of Supreme Court direction on this issue but nonetheless reviewed a similar claim on the merits, analyzing whether the "police presence intimidated the jury or disrupted the fact-finding process in any way." 890 F.3d at 571. We do not take a similar course here because our review is hemmed in by § 2254(d), as in *Carey*, 549 U.S. at 76; in contrast, *Jones*'s review was de novo. 890 F.3d at 567.

[46] *Taylor*, 529 U.S. at 386 (cleaned up).

[47] 923 F.2d 1454, 1459–60 (11th Cir. 1991) (finding that the presence of uniformed prison guards filling over half the gallery, disruptive spectators, the small juror pool, and extensive pre-trial publicity created "an unacceptable risk [of] impermissible factors coming into play").

things, there is no evidence that any of [Will's] jurors had close ties to law enforcement."[48] But the CCA's factual findings are "entitled to a presumption of correctness," and Will can only overcome that presumption "by clear and convincing evidence."[49] Though Will's claim is not frivolous, we ultimately disagree—the CCA's decision wasn't *based* on an unreasonable factual determination.

We agree with Will at the outset: The CCA's conclusion that there was no evidence Will's jurors "had close ties to law enforcement" was unreasonable considering the evidence before it. The juror questionnaires and trial transcript clearly and convincingly establish that at least three jurors actually had "close ties" to police officers. But we disagree with Will's conclusion. The CCA's no-inherent-prejudice decision was not *based* on this unreasonable determination. Rather, its holding was founded on the lack of evidence of "some type of state action."[50] Its citation to "no evidence" of law enforcement ties merely bolstered the conclusion it had *already* reached.[51] In other words, even if the CCA had gotten this factual determination right, its conclusion wouldn't have changed. As we stated in

---

[48] *Will*, 2004 WL 3093238, at *4. Will also takes issue with the state court's assertion that "appellant objected to the officers' uniforms on only two occasions during a two and one-half week trial consisting of 12 days of testimony." But Will's issue is more with the state court's implicit finding that the lack of objections demonstrated the record was too scant to depict inherent prejudice. However, this argument is curtailed by our standard of review—it erroneously takes issue with how the state court *applied the law to the record*, which we cannot review, rather than the reasonableness of the court's factual determinations.

[49] *Leal v. Dretke*, 428 F.3d 543, 548 (5th Cir. 2005).

[50] *Will*, 2004 WL 3093238, at *4 ("Here, the presence of the uniformed officers in the courtroom merely showed their solidarity and support for a fellow slain officer.").

[51] *Id*. ("*Also*, this case is distinguishable from appellant's cited [non-binding] case of *Woods v. Dugger* because, *among other things*, there is no evidence that any of appellant's jurors had close ties to law enforcement." (emphasis added)).

*Jones*, whether jurors have close ties to law enforcement officers is irrelevant to an inherent-prejudice claim; such ties only move the needle for actual prejudice.[52] Because the "state court's ruling on the [inherent-prejudice] claim . . . was [not] so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," habeas relief under our deferential AEDPA standard is improper.[53]

Will identifies no clearly established law that the CCA misapplied, nor any unreasonable factual determinations on which the court based its holding. Because Will has not met the statutory prerequisites, his habeas claim for inherent prejudice fails here as it did below.

IV

We AFFIRM the district court across the board.

---

[52] *Jones*, 890 F.3d at 571 ("We note that the record does not fully support the district court's assertion that no jurors had friends of relatives who were officers; however, this discrepancy does not change the outcome of this case because only inherent prejudice has been alleged.").

[53] *Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (citation omitted).